## HOME CIRCLE REALTY CORPORATION v. FRED WILLIAM GIESENHAUS, PROSECUTOR.

Submitted March 20, 1913—Decided June 8, 1913.

In order to vest jurisdiction in a summary proceeding to dispossess a tenant for non-payment of rent the affidavit of the landlord must show that the rent reserved was a sum certain or one capable of being reduced to certainty, both as to amount and time of payment.

On *certiorari.*

Before Justices GARRISON, SWAYZE and MINTURN.

For the prosecutor, *Clement de R. Leonard.*

For the defendant, *Gross & Gross.*

The opinion of the court was delivered by

GARRISON, J. This writ of *certiorari* brings up a warrant of removal in a summary proceeding brought by a landlord to dispossess a tenant for non-payment of rent.

The only question is whether the District Court had jurisdiction. The jurisdictional affidavit of the landlord sets out that part of the rent that remains unpaid is $12.60, which is one-half of the difference between the tax paid on the property in 1909 and the tax levied on the property in 1912. This item, as a part of the rent to be paid by the tenant, is thus set forth in the affidavit, "and also one-half the taxes levied upon the said premises by the city of Jersey City in excess of the taxes paid by the said plaintiff for the said premises for the year 1909; that the taxes for the said premises for year 1909 was the sum of $146.41, and that the taxes for the year 1912 are $171.60; said taxes respectively are payable to the city of Jersey City in advance."

This description of a sum that is to be ascertained from the given data is entirely too uncertain to constitute rent; it is

uncertain both as to amount and as to time of payment. The amount depends not upon the taxes levied in 1909 but on the tax paid by the landlord for that year. Whether the tax of that year was paid in whole or in part is not stated, hence there is no basis for the ascertainment of one-half of the excess over such payment. As to the time of payment there is likewise no certainty. The claim is that the payment by the tenant was to be in advance, but the affidavit alleges no such agreement but only that the taxes levied on the premises are payable to Jersey City in advance, *non constat* that the tenant agreed to pay them to the landlord in advance.

Inasmuch as rent must be a sum certain or one that is capable of being reduced to certainty the landlord's affidavit with respect to the controverted item failed to confer jurisdiction in a summary proceeding to dispossess for non-payment of rent.

The judgment of the Second District Court of the city of Jersey City is reversed and the proceeding dismissed.